# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PERCY JAMES CAGE (#32294)**                          **CIVIL ACTION**

**VERSUS**

**SGT. JOHN NORWOOD, ET AL.**                          **NO. 09-0911-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 2, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERCY JAMES CAGE (#32294)                                             CIVIL ACTION

VERSUS

SGT. JOHN NORWOOD, ET AL.                                             NO. 09-0911-JJB-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the East Baton Rouge Parish Jail, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. John Norwood, Cpl. Dotson, Louisiana District Judge Bonnie Jackson, and Baton Rouge news reporter Greg Mayweather. The plaintiff asserts that he was arrested on August 14, 2009, in Baton Rouge, Louisiana, on one count of simple battery, one count of aggravated assault, one count of unauthorized use of a motor vehicle, and one count of second degree battery. When he was thereafter questioned by defendants Norwood and Dotson, the defendants asked him questions about another incident. When the plaintiff apparently failed to cooperate, the defendants became angry and threatened to ensure that the plaintiff was assessed with a high bond. The plaintiff complains that this threat was thereafter carried out when defendant Judge Bonnie Jackson set his bond at two million dollars. On October 1, 2009, defendant Norwood re-booked the plaintiff on charges of aggravated battery, illegal use of a weapon, being a felon in possession of a firearm, and second degree murder. When the plaintiff questioned the defendant regarding why he was being charged with these offenses, the defendant responded that it was "so [the plaintiff] could get another high bond". In addition, defendant Norwood threatened to harm the plaintiff if given the opportunity. Finally, the plaintiff complains that on October 2, 2009, defendant Greg Mayweather wrongly reported to the public that the plaintiff has been charged with committing two murders.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma

pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's claims are not properly before this Court.  Addressing first the plaintiff's claim asserted against defendant police officers Norwood and Dotson, the plaintiff appears to initially complain of alleged wrongful confinement based upon these defendants' recommendation of the assessment of a high bond.  The Court concludes that the plaintiff fails to state a claim upon which relief may be granted relative to this claim.  "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287 (5th Cir. 2005).  "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381 (5th Cir. 1983).  In the instant case, however, although the plaintiff has alleged that the defendant police officers recommended that a high bond be set for him because he did not cooperate during questioning, under Louisiana law the determination of the amount of a pretrial bond is referred to the discretion of the state trial judge.  See La.C.Cr.P. art. 230.1 (at the time of an arrestee's initial appearance, "[t]he court may ..., in its discretion, determine or review a prior determination of the amount of bail.").  Cf., Green v. Mayfield, 2009 WL 230161 (N.D. Tex. Jan. 29, 2009)(holding, with regard to the liability of district attorneys for bail determinations, that "because setting the amount of bail is purely a discretionary judicial function,"

the defendants have no liability in connection with the setting of bail, even when the defendants have recommended a specific bail amount."). Accordingly, even accepting the plaintiff's allegations as true, that the defendant police officers recommended the assessment of a high bond, they may not be held liable for the state trial judge's exercise of her ultimate judicial discretion in setting the defendant's bail.

Further, to the extent that the plaintiff's allegations may be interpreted as asserting that the charges levied against him by the defendant police officers were inflated for the purpose of the imposition of an excessive bail, he has not alleged a claim of wrongful arrest by asserting that the defendants lacked probable cause for the charges, nor has he asserted that he was not thereafter afforded due process in the form of an initial hearing, appointment of counsel and/or a preliminary hearing. Accordingly, based on the allegations of the plaintiff's Complaint, there is no basis for the imposition of liability against these defendants relative to this claim.

Finally, although the plaintiff also asserts that defendant Norwood threatened to cause the plaintiff harm, there is no suggestion that this threat was carried out, and the law is clear that mere threats and verbal abuse alone do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983)("Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Accordingly, this claim as well must fail.

Turning to the plaintiff's claim asserted against Judge Bonnie Jackson, this claim is also without merit. Specifically, this defendant is protected by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined on the facts of each case, Brewer v. Blackwell, 692 F.2d 387 (5th Cir. 1982), it is clear that this immunity extends to suits arising from acts performed in a judicial role. The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. See, e.g., Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Brewer v. Blackwell, supra, at p. 396. See also Ammons v. Baldwin, 705 F.2d 1445 (5th Cir. 1983), cert. denied, 465 U.S. 1006, 104 S.Ct.

999, 79 L.Ed.2d 232 (1984). Moreover, this immunity applies however erroneous the act and however evil the motive. Johnson v. Kegans, 870 F.2d 992 (5th Cir. 1989). Applying this test here, it is clear that the alleged actions of Judge Jackson in setting the plaintiff's bond constitute judicial actions which were within the scope of the defendant's judicial authority. Therefore, defendant Jackson is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Finally, with regard to the plaintiff's claim of defamation asserted against reporter Greg Mayweather, this claim is not cognizable in this Court. Injury to reputation, without more, is not a liberty interest protected under the Fourteenth Amendment to the United States Constitution. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Moreover, defendant Mayweather is not alleged to have been acting under color of state law, which is a prerequisite for liability under § 1983. Accordingly, the plaintiff's claim asserted against this defendant is not a claim of constitutional dimension and is not properly before the Court.

To the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this court with regard to any claims arising under state law, district courts may decline to exercise supplemental jurisdiction over a claim or claims if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims asserted herein, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, that the Court dismiss the plaintiff's federal claims as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, and that

this action be dismissed.[1]

Signed in Baton Rouge, Louisiana, on June 2, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."